**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Garcia, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Firstsource Financial Solutions, LLC fka | ) |
| Firstsource Financial Solutions, Inc., | ) |
| | ) |
| Defendant. | ) |

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant

transacts business in this State and this district.

## PARTIES

4. Plaintiff, Joshua Garcia ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Tempe.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Firstsource Financial Solutions, LLC fka Firstsource Financial Solutions, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made

and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. In connection with an attempt to collect an alleged debt, Defendant contacted Plaintiff via cellular telephone call on April 29, 2011 at 7:44 A.M., a time it knew to be inconvenient for Plaintiff.

14. In connection with the collection of an alleged debt, Defendant received written communication from Plaintiff via certified mail on April 18, 2011 at 9:26 A.M. requesting that Defendant cease and desist all telephonic communication with Plaintiff.

15. However, Defendant continued to contact Plaintiff via telephone, including, but not limited to, placing telephone calls to Plaintiff's cellular telephone on April 20, 2011 at 10:34 A.M., April 26, 2011 at 1:13 P.M., April 27, 2011 at 11:28 A.M., April 29, 2011 at 7:44 A.M., April 29, 2011 at 8:45 A.M., April 29, 2011 at 9:46 A.M., April 29, 2011 at 11:47 A.M., May 2, 2011 at 11:14 A.M., May 2, 2011 at 12:14 P.M., and May 2, 2011 at 1:14 P.M. with intent to harass, annoy or abuse Plaintiff.

16. In connection with the collection of an alleged debt, Defendant sent Plaintiff initial written communication dated March 28, 2011 in which Defendant falsely

represented that Plaintiff owed an alleged debt of $570.00 from a loan dated November 23, 2010.

17. However, Plaintiff did not apply for nor did Plaintiff receive said loan, and therefore, Defendant falsely represented the character, amount, or legal status of Plaintiff's debt and further attempted to collect an amount from Plaintiff that is not permitted by law.

18. In connection with the collection of an alleged debt, Defendant received written communication from Plaintiff via certified mail on April 18, 2011 at 9:26 A.M. notifying Defendant that Plaintiff disputed the debt and demanded validation thereof.

19. However, Defendant continued to contact Plaintiff via telephone without first having provided validation, including but not limited to, placing telephone calls to Plaintiff's cellular telephone on April 20, 2011 at 10:34 A.M., April 26, 2011 at 1:13 P.M., April 27, 2011 at 11:28 A.M., April 29, 2011 at 7:44 A.M., April 29, 2011 at 8:45 A.M., April 29, 2011 at 9:46 A.M., April 29, 2011 at 11:47 A.M., May 2, 2011 at 11:14 A.M., May 2, 2011 at 12:14 P.M., and May 2, 2011 at 1:14 P.M.

20. Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, Defendant communicated with Plaintiff directly after learning that Plaintiff is being represented by counsel.

21. Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing

system, including, but not limited to, placing a call on April 20, 2011 at 10:34 A.M., April 26, 2011 at 1:13 P.M., April 27, 2011 at 11:28 A.M., April 29, 2011 at 7:44 A.M., April 29, 2011 at 8:45 A.M., April 29, 2011 at 9:46 A.M., April 29, 2011 at 11:47 A.M., May 2, 2011 at 11:14 A.M., May 2, 2011 at 12:14 P.M., and May 2, 2011 at 1:14 P.M. (47 U.S.C. 227(b)(1)(A)(iii)).

22.  Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

23.  Plaintiff repeats and re-alleges each and every allegation contained above.

24.  Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of August, 2011

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602

Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff